## PAUL GERLI & COMPANY v. MISTLETOE SILK MILLS.

Argued February 21, 1912—Decided November 11, 1912.

Where a contract is sought to be rescinded by one of the parties thereto he must, within a reasonable time after discovery of the fact which entitles him to a rescission, notify the other party of his intention to do so. He must also, so far as he can, restore, or offer to restore, everything of value that he has received under the contract, to the end that the other party may be put in *statu quo* as nearly as may be possible.

---

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *Henry B. Twombly* (*McDermott & Enright,* on the brief).

*Contra, J. Emil Walscheid.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought to recover the purchase price of silk sold and delivered by the plaintiff to the defendant. The latter claimed a breach of warranty and rescission of the sale. At the trial it elected to

stand upon its rescission. The jury found a verdict in its favor.

The material facts proved at the trial were as follows: The president of the defendant company ordered from the plaintiff one bale of "best classical Italian" raw silk suitable for single weaving. The bale was delivered to the company on June 1st, 1908, under a guaranty by the plaintiff (so the defendant claimed) that it was of the quality ordered. The silk, admittedly, was not "best classical Italian." The defendant, immediately upon receiving the silk, sent it to a concern called Villa Stearns Company to be wound upon bobbins. This latter company examined the silk and found it to contain a great many lumps and slugs, and coarse and fine ends which would catch and break the threads down. On June 8th, the superintendent of Villa Stearns Company notified the defendant that the silk was not running properly, and that he did not think it was fit for the use to which defendant intended to put it—that is, for weaving in the raw— and sent with his notification a card containing portions of the silk showing lumps, and coarse and fine ends. On the next day the defendant wrote to the plaintiff, enclosing the card, and saying: "We find the bale contains a great many fine and coarse ends, and also slugs, and a great many long knots as per card enclosed. This is not a very good report for best classical Italian, and will advise you further as the silk is worked up." The raw silk was wound by the Villa Stearns Company and sent back to the defendant in three different lots, the time of delivery of the three lots being about from three days to a week apart, the last lot being delivered about three weeks from the time of the shipment of the bale to the Villa Stearns Company. As the silk was returned to the defendant it was put upon warps, and it was then found that it would not work owing to its dirty and lumpy condition. The making of the first warp was enough to tell whether the silk was fit for the purpose for which the defendant ordered it. Notwithstanding this, defendant tried six or eight warps in all, and all of the silk was used up in so doing, and practically destroyed, so far as any value in it was concerned.

After this had been done, and on the 18th of July, the defendant notified the plaintiff that it rejected the silk, and held it at plaintiff's disposal.

Upon the facts stated we think the defendant was not entitled to rescind the contract of sale at the time when it sought to do so. Where a contract is sought to be rescinded by one of the parties thereto, it is the settled law that he must, within a reasonable time after discovery of the fact which entitles him to a rescission, notify the other party of his intention to do so. He must also, so far as he can, restore, or offer to restore, everything of value that he has received under the contract, to the end that the other party may be put in *statu quo* as nearly as may be possible. 24 *Am. & Eng. Encycl. L.* 643, 644, and cases cited. The defendant knowing from the information received from the Villa Stearns Company that the silk delivered to it by the plaintiff was not of the quality ordered, nevertheless, saw fit to deal with it thereafter as its owner under the contract. It continued this course after the silk was returned to it by the Villa Stearns Company, and after, by its own attempt to warp it, the accuracy of the information which it had received had been verified. Notwithstanding this knowledge it persisted in its attempt at warping the silk, and so destroyed its value for any commercial purpose. By its conduct it waived its right to rescind, and could only resist a claim by the plaintiff upon it for the purchase price of the silk by setting up a breach of the warranty as to its quality. Having relied solely in defending the action upon its claim of rescission, the verdict in the case should have been for the plaintiff.

The rule to show cause will be made absolute.